E-FILED
Thursday, 02 March, 2006  01:30:15 PM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
#### PEORIA DIVISION

| | |
|---|---|
| DAVID E. SLOAN, )<br>)<br>    Petitioner, )<br>)<br>  v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. ) | No. 05-1036 |

## **O R D E R**

Before the Court is Petitioner, David E. Sloan's Motion for Certificate of Appealability ("COA") [Doc. #10].  For the reasons that follow, Petitioner's Motion is DENIED.

#### BACKGROUND

On July 24, 2002, a federal grand jury returned a single-count indictment charging Petitioner with conspiracy to manufacture more than five hundred (500) grams of a mixture and substance containing methamphetamine in violation of Title 21 U.S.C. §§ 846, 841(a) and 841(b)(1)(A)(viii).  Petitioner later entered into a written plea agreement with the government waiving both his right to appeal and/or collaterally attack his conviction and/or sentence.  The Court then conducted a change of plea hearing and accepted Petitioner's guilty plea.

Because Petitioner had a prior felony drug conviction, he faced a mandatory minimum sentence of 240 months of

imprisonment. See 21 U.S.C. § 841(b)(1)(A)(viii). The government, however, recommended a forty percent downward departure from the mandatory minimum (240 months) to a sentence of 144 months. The government also recommended fifteen months credit for time served in state prison on related charges, resulting in a final recommendation of 129 months (almost half the time Petitioner faced under the statutory mandatory minimum). Petitioner and his counsel agreed with the government's recommendations and, as a result, this Court sentenced Petitioner to 129 months of imprisonment.

On February 7, 2005, Petitioner moved this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See [Doc. #1]. In his § 2255 motion, Petitioner raised the following grounds for relief: (1) the Court erred by using his prior state felony drug convictions in the calculation of his criminal history points under the sentencing guidelines; (2) the Court erred by using his prior state felony drug convictions to enhance his mandatory minimum sentence; (3) trial counsel was ineffective for failing to challenge the Court's use of Petitioner's prior state felony drug convictions to enhance his mandatory minimum sentence; (4) trial counsel was ineffective for failing to file a notice of appeal; and (5) trial counsel was ineffective for failing to investigate the specific type of

methamphetamine involved in the conspiracy and to challenge the amount of drugs attributed to him in the PSR.

However, on October 26, 2005, this Court entered an Order denying Petitioner's § 2255 motion because he waived his right to launch such a collateral attack in his plea agreement. See [Doc. #8]. In addition to holding that Petitioner was barred from seeking relief under § 2255, the Court found that each of Petitioner's grounds for relief were nevertheless meritless.

## DISCUSSION

A federal prisoner seeking relief under § 2255 has no absolute entitlement to appeal a district court's denial of his motion. See 28 U.S.C. § 2253(c). Before an appeal may be entertained by a federal court of appeals, a prisoner who was denied relief in the district court must first seek and obtain a COA from a circuit justice or judge. Id.

"A COA will issue only if the requirements of § 2253 have been satisfied." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Section 2253(c) permits the issuance of a COA only where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); Miller-El, 537 U.S. at 336. Although "a COA does not require a showing that the appeal will succeed[,]" it does require "something more than the absence of frivolity or the existence of mere good

faith" on behalf of the petitioner.  Miller-El, 537 U.S. at 337-38 (internal quotations omitted).  As the Supreme Court explained, to obtain a COA under § 2253(c), a petitioner must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n4 (1983)).

Here, in addition to the constitutional arguments raised in his § 2255 motion, Petitioner now seeks a COA based on his claim that he did not knowingly and intelligently plead guilty because of ineffective assistance of counsel in connection with his plea agreement.  This later claim, however, is not properly before the Court, as it was not raised in Petitioner's § 2255 motion.

To have prevailed in his § 2255 motion, Petitioner first had to show that his plea agreement was unenforceable.  But, it is well-settled that a plea agreement waiving the right to bring a collateral attack pursuant to § 2255 is enforceable as long as it is made voluntarily, knowingly, and is not the product of ineffective assistance of counsel.  Jones v. United States, 167 F.3d 1142, 1144-46 (7th Cir. 1997).

However, as this Court made clear to point out in the Order dated October 26, 2005, "Petitioner [did] not argue that he failed to understand the plea agreement or was coerced into accepting it, nor [did] he allege that counsel was ineffective in negotiating the plea agreement." [Doc. #8 at pg. 8]. In fact, during the plea colloquy conducted by this Court before accepting his guilty plea, Petitioner made the following representations under oath: that he fully understood the nature and elements of the charge; that he read the plea agreement, discussed it with his attorney, and fully understood its terms, including the waiver of his right to appeal and/or collaterally attack his conviction and/or sentence; that no one, including his attorney, forced or pressured him to enter the plea agreement; that he plead guilty voluntarily; and that he was satisfied with his attorney's advice and representation. [Plea Tr. at 4-12, 14-18, 20-22]; see also Key v. United States, 806 F.2d 133, 136 (7th Cir. 1986) (statements made during a plea colloquy are presumed to be true and the record created serves as a "formidable barrier" to any subsequent collateral attack).

Therefore, after reviewing the record and Petitioner's § 2255 motion, it was apparent to this Court that his plea agreement was voluntary, knowing, and untainted by ineffective assistance of counsel, barring him from collaterally attacking

his conviction and/or sentence. Any newly asserted argument to the contrary is completely belied by the record in this case. Nevertheless, even if the plea agreement could be deemed unenforceable, each of Petitioner's grounds for relief was devoid of merit. As a result, this Court is convinced that reasonable jurists would not find the Court's denial of Petitioner's § 2255 motion debatable.

## CONCLUSION

IT IS THEREFORE ORDERED that Petitioner's Motion for Certificate of Appealability [Doc. # 10] is DENIED.

Entered this  2nd  day of March, 2006.

                                                            /s/ Joe B. McDade
                                                              JOE BILLY McDADE
                                        United States District Judge