# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| DAVID E. SLOAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 05-1036 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

### O R D E R

Before the Court is Petitioner, David E. Sloan's Motion and Accompanying Affidavit for Permission to Appeal In Forma Pauperis [Doc. #17]. Because Sloan's appeal is "not taken in good faith," the Court will deny his Motion.

Under 28 U.S.C. § 1915(a)(3), the Court is required to screen Petitioner's appeal to determine whether it is taken in good faith. See Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). To meet the "good faith" requirement, a court must "find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000) (citations omitted).

On October 26, 2005, this Court denied Sloan's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence because he had previously entered into a valid plea agreement with the government waiving both his right to appeal and/or collaterally attack his conviction and/or sentence. This Court held that Sloan's waiver of his right to challenge the

validity of his sentence had clearly been made voluntarily, knowingly, and was not the product of ineffective assistance of counsel. See Jones v. United States, 167 F.3d 1142, 1144-46 (7th Cir. 1997) (holding that it is well-settled that plea agreements waiving the right to bring a collateral attack pursuant to § 2255 are enforceable as long as they are made voluntarily, knowingly, and are not the product of ineffective assistance of counsel). In addition to holding that Sloan was barred from seeking relief under § 2255, this Court found that each of his grounds for relief were nevertheless meritless.

Accordingly, the Court finds that Sloan's appeal is "not taken in good faith" because a reasonable person would not suppose that his appeal has some merit.[1] See Walker, 216 F.3d at 632.

IT IS THEREFORE ORDERED that Sloan's Motion and Accompanying Affidavit for Permission to Appeal In Forma Pauperis [Doc. #17] is DENIED.

Entered this  20th  day of April, 2006.

                                            /s/ Joe B. McDade
                                            JOE BILLY McDADE
                                       United States District Judge

---

[1] The Court also points out that on March 2, 2006, Sloan's motion for a certificate of appealability under 28 U.S.C. § 2253(c) was denied because it was determined by the Court that reasonable jurists would not find the Court's denial of his § 2255 motion debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n4 (1983)).